O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SYLVESTER REYNOLDS, | ) | Case No. CV 09-9372-JHN (DTB) |
| Petitioner, | ) | |
| | ) | ORDER TO SHOW CAUSE |
| vs. | ) | |
| WONG, WARDEN, | ) | |
| Respondent. | ) | |

On or about November 3, 2009,[1] petitioner lodged for filing a Petition for Writ of Habeas Corpus by a Person in State Custody ("Pet.") herein in the Northern District of California. Since the Petition purports to be directed to a conviction obtained in the Superior Court of Los Angeles County, which is in the Central District of California, the matter was transferred to this District by District Judge Phyllis J. Hamilton in an Order dated December 21, 2009. The Petition purports to be challenging a 1996 judgment of conviction sustained in Los Angeles County Superior Court Case No.

---

[1] November 3, 2009, is the signature date and thus the earliest date on which petitioner could have turned the Petition over to the prison authorities for mailing. See Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002) (holding that the prison mailbox rule applies to a habeas petitioner's state and federal filings); Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001) (same).

1

BA-115875.  (<u>See</u> Pet. at ¶ A(1)).  All of petitioner's claims appear to be sentencing error claims.  He appears to be contending that the trial court erred, and that his trial counsel rendered ineffective assistance, in connection with his sentencing under California's Three Strikes law. (<u>See</u> Pet. at ¶ B)

Based on its review of the Petition, in which petitioner appears to admit that he has not exhausted his available state court remedies with regard to the claims contained in the Petition (<u>see</u> Pet. ¶ A(8)(b)), as well as information derived from the California Appellate Courts website, it appears to the Court (a) that the Petition is time barred, and (b) at least some of the claims alleged in the Petition are unexhausted.

Accordingly, on or before **March 1, 2010**, petitioner is ordered to show cause in writing (if any he has) why the Court should not recommend that this action be dismissed with prejudice on the ground of untimeliness[2] and even if the Petition is not time barred, why the Court should not recommend that this action be dismissed without prejudice for failure to exhaust state remedies.[3]  With regard the timeliness issue, if petitioner intends to rely on the equitable tolling doctrine, he will need to include with his response to the Order to Show Cause a declaration under penalty of perjury stating facts showing (1) that "extraordinary circumstances" beyond petitioner's control stood in his way and were the proximate cause of his untimeliness, and (2) that he has been pursuing his rights diligently.  <u>See</u> <u>Pace v. DiGuglielmo</u>, 544

---

[2]     The Ninth Circuit has held that the district court has the authority to raise the statute of limitations issue *sua sponte* when untimeliness is obvious on the face of the petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the court "provides the petitioner with adequate notice and an opportunity to respond." <u>See</u> <u>Nardi v. Stewart</u>, 354 F.3d 1134, 1141 (9th Cir. 2004); <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

[3]     Petitioner has the burden of demonstrating that he has exhausted available state remedies.  <u>See</u>, <u>e.g.</u>, <u>Brown v. Cuyler</u>, 669 F.2d 155, 158 (3d Cir. 1982).

U.S. 408, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005); <u>see also</u> <u>Roy v. Lampert</u>, 465 F.3d 964, 969 (2006); <u>Rasberry v. Garcia</u>, 448 F.3d 1150, 1153 (9th Cir. 2006); <u>Spitsyn v. Moore</u>, 345 F.3d 796, 799 (9th Cir. 2003).  Pursuant to Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Court, petitioner is ordered to sign any written response to this Order.

### <u>The time bar issue</u>

Since this action was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d).  <u>See</u> <u>Calderon v. United States District Court for the Central District of California (Beeler)</u>, 128 F.3d 1283, 1287 n.3 (9th Cir. 1997).[4]  28 U.S.C. § 2244(d) provides:

"(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

(A)   the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted

---

[4]   <u>Beeler</u> was overruled on other grounds in <u>Calderon v. United States District Court (Kelly)</u>, 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."


Here, the Petition contains scant information relating to petitioner's direct appeal of his judgment for conviction, but does state that his direct appeal to the California Court of Appeal was denied in 1997. (See Pet. at ¶ A(8)).  However, a review of the California Appellate Courts website reveals that petitioner filed a direct appeal of his conviction with the California Court of Appeals, Case Number B105842, in October, 1996, and that the Court of Appeals issued an unpublished opinion affirming the judgment of conviction on June 11, 1997.  Thereafter, petitioner filed a Petition for Review with the California Supreme Court in Case Number S062796, which was denied on August 20, 1997.  Thus, "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review" was November 18, 1997, when the 90-day period for petitioner to petition the United States Supreme Court for a writ of certiorari expired.  See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999); Beeler, 128 F.3d at 1286 n.2. Therefore, for purposes of 28 U.S.C. § 2244(d)(1)(A), petitioner's judgment of conviction "became final by conclusion of direct review or the expiration of the time for seeking such review" on November 18, 1997, and his one-year limitations period under the AEDPA expired on November 18, 1998, absent either a late-trigger date or a basis for tolling of the statute.

From the face of the Petition, it does not appear that petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(B).  In addition, it is clear that petitioner has no basis for contending that he is entitled to a later trigger

date under § 2244(b)(1)(D) since petitioner was aware of the **factual** predicate of each of his claims as of the date he was convicted and sentenced. See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to run when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance").

Thus, unless a basis for tolling the statute existed, petitioner's last day to file his federal habeas petition was November 18, 1998. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001); Beeler, 128 F.3d at 1287-88.

28 U.S.C. § 2244(d)(2) provides:

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In the Petition, petitioner indicates that he has not filed any collateral challenges to his judgment of conviction. (See Pet. at ¶ A(8)).

In Nino v. Galaza, 183 F.3d 1003 (9th Cir. 1999), the Ninth Circuit construed the foregoing tolling provision with reference to California's post-conviction procedures. The Ninth Circuit held that "the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." See id. at 1006. Accord, Carey v. Saffold, 536 U.S. 214, 219-21, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002) (holding that, for purposes of statutory tolling, a California petitioner's application for collateral review remains "pending" during the intervals between the time a lower state court denies the application and the time the petitioner files a further petition in a higher state court). However, the statute of limitations is not tolled during the interval between the date on which the judgment of conviction became final and the filing of the petitioner's first collateral challenge. See Nino, 183 F.3d at 1006.

5

Here, on the face of the Petition, it does not appear that petitioner has filed any state habeas petitions or other collateral challenges which might have tolled the applicable statue of limitations.  Thus, on the face of the Petition, it appears that the one-year limitation period already had lapsed and cannot be reinitiated.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001); Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000).

**The exhaustion issue**

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless petitioner has exhausted the remedies available in the courts of the State.[5]  Exhaustion requires that the prisoner's contentions be fairly presented to the state courts and be disposed of on the merits by the highest court of the state.  See James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979).  Moreover, a claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based.  See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971).  As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on

---

[5]     The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that-- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).

6

1    every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22, 102
2    S. Ct. 1198, 71 L. Ed. 2d 179 (1982).

3         Here, it is unclear whether all of the claims included in the Petition were
4    previously presented in his Petition for Review or in his habeas petition to the
5    California Supreme Court.  Accordingly, petitioner must show that he has previously
6    exhausted his available state judicial remedies with respect to these claims.

7
8    DATED: January 12, 2010
9                                              _____
10
11                                             DAVID T. BRISTOW
                                               UNITED STATES MAGISTRATE JUDGE
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28